# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

33 Washington Street, Newark, New Jersey 07102-3017   Tel: (973) 624-0800   Fax: (973) 624-0808

*Albany ● Baltimore ● Boston ● Chicago ● Dallas ● Garden City ● Houston ● Las Vegas ● London ● Los Angeles ● Louisville ● McLean*
*Miami ● Newark ● New York ● Orlando ● Philadelphia ● San Diego ● San Francisco ● Stamford ● Washington, DC ● White Plains*
*Limited Liability Partnership of NY*
*Affiliates:  Berlin ● Cologne ● Frankfurt ● Mexico City ● Munich ● Paris*

| | | www.wilsonelser.com | | |
|---|---|---|---|---|
| JAMES CRAWFORD ORR | KEVIN C. DONOVAN | | JOANNA PIOREK | BRUCE W. MCCOY, JR. |
| WILLIAM J. RINA | JAMES S. REHBERGER | | KURT H. DZUGAY | MICHAEL L. SOLOMON |
| THOMAS F. QUINN | JOSEPH T. HANLON | | GINA CALABRIA | DANIEL E. ZEMSKY |
| BARBARA HOPKINSON KELLY | ROBERT LESKO | | JOHN W. WILLIAMS | C. TY NGUYEN |
| CAROLYN F. O'CONNOR | RENEE J. SHERMAN | | SHAUN S. McGREGOR | JESSICA BRENNAN |
| KENNETH M. BROWN | ROBERT T. GUNNING | | KIM M. CONNOR | KATHERINE POTTER |
| DANIEL F. FLORES | GREGG S. KAHN | | ADAM S. PICINICH | MELISSA D. LANDAU |
| WILLIAM P. KRAUSS | ADAM J. KIPNIS | | PETER A. SWIFT | KAREN D. PECK |
| MICHAEL J. NAUGHTON | MAXWELL L. BILLEK | | ERIC T. EVANS | JOHN W. ROESER |
| JOSEPH A. GALLO | | | GREGORY T. FOOTE | ROBERT GITELMAN |
| ROBERT A. BERNS | OF COUNSEL | | JULIE VON BEVERN | STEPHANIE RUFFO |
| KURT W. KRAUSS | ROBERT C. NEFF, JR. | | MICHAEL L. TRUCILLO | JILLIAN ACKERMANN |
| KELLY A. WATERS | JOHN P. O'TOOLE | | MATHEW BRODERICK | |
| COLIN P. HACKETT | SUNA LEE | | | |
| BRIAN J. WHITEMAN | CHRISTOPHER W. McClANAHAN | | | |
| SUSAN KARLOVICH | LINDA K. SMITH | | | |
| MATTHEW S. MAHONEY | TANA BUCCA | | | |

KEITH G. VON GLAHN (1952-2007)

November 24, 2010

## VIA ELECTRONIC FILING

Hon. Claire C. Cecchi, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Courthouse and Federal Building
50 Walnut Street
Newark, New Jersey 07101

> Re:   **American General Life Insurance Company v. Lizzi Berger, et al.**
> **Civil Action No. 2:10-cv-03377-WHW-CCC**
> **Our File No. 07478.00593**

Dear Magistrate Judge Cecchi:

This firm represents plaintiff American General Life Insurance Company in connection with this matter.  We write in response to the November 22, 2010 letter from Jeremy Esakoff, Esq., counsel for The Lizzi Berger 2008 Family Life Insurance Trust ("the Trust"), and to strongly object to Mr. Esakoff's suggestion that the filing of the Amended Complaint was contrary to Your Honor's Orders and in violation of *Fed. R. Civ. P.* 11.

American General filed its Amended Complaint in full compliance with direction provided by Your Honor during the telephone status conference on October 21, 2010.  At that time, Your Honor ruled, among other things, that American General was permitted to file an Amended Complaint to include as a defendant Stanley Miller in his capacity as Trustee of the Trust on or before November 8, 2010.  Your Honor's October 21 rulings were confirmed by way of letter dated October 21, 2010 pursuant to Your Honor's instructions. (Doc. 27).  In accordance with Your Honor's Order, American General filed its Amended Complaint on November 8, 2010 at 9:35 a.m.  Although counsel for the Trust had previously appealed Your Honor's October 21 rulings and requested that the rulings be stayed pending appeal, no such stay had been entered at the time American General filed the Amended Complaint.  In fact, as counsel acknowledges, the request for stay was not granted until hours *after* American General filed the Amended Complaint.  Therefore, contrary to counsel's contentions, American General's filing of the

November 24, 2010
Page 2

Amended Complaint is clearly not in violation of any Order.

Counsel's assertion that the Amended Complaint violates *Fed. R. Civ. P.* 11 is equally unfounded and improper. In fact, the assertion of Rule 11 violation in counsel's November 22, 2010 letter is itself arguably a violation of that very rule. American General's amended complaint simply adds Mr. Miller as a defendant solely in his capacity as a Trustee of The Trust. This amendment was made necessary by The Trust's assertions that the original Trustee had been succeeded by Mr. Miller, and as a result, American General had failed to name the appropriate party. The amendment is in keeping with the discussions and Your Honor's ruling during the October 21 conference.

There are no allegations in the Amended Complaint against Stanley Miller in his personal capacity, but only in his capacity as Trustee of the Trust. Therefore, Mr. Esakoff's claim that the Amended Complaint is "an egregious violation of *Fed. R. Civ. P.* Rule 11 as it contains false, defamatory, and plainly conclusory allegations, that Stan Miller committed fraud and was part of conspiracy to engage in some sham transaction," is inaccurate. Nevertheless, we have made every reasonable effort to ascertain the basis for these assertions and to reach some understanding to address Mr. Esakoff's concerns. However, Mr. Esakoff and his client have obstinately demanded that American General simply withdraw or dismiss the Amended Complaint in its entirety, and has further unreasonably demanded that American General accede to this demand within hours or just a couple of days.

The Trust's first objected to the filing of the Amended Complaint *eight* days after it was filed. In a letter dated November 16, 2010 Mr. Esakoff erroneously suggested that the filing of the Amended Complaint was a violation of Your Honor's stay order and demanded its withdrawal. The very next day, Mr. Esakoff called demanding a response to his November 16, 2010 letter.[1] On November 18, 2010, after discussions internally, my colleague, Karen Peck, Esq. contacted Mr. Esakoff in an effort to understand and perhaps resolve not only the Trust's objections to specific allegations in the Amended Complaint, but also in an effort to resolve the broader disagreement relating to personal jurisdiction over Mr. Miller and Trust. During the course of that conversation, Ms. Peck offered to revise objectionable allegations in the complaint and asked Mr. Esakoff to identify them. She also asked Mr. Esakoff to discuss with his client and consider dropping the personal jurisdiction objections so that the case could proceed expeditiously in a single forum to final resolution. In the alternative, Ms. Peck asked Mr. Esakoff to consider dropping resistance to jurisdictional discovery so that at least that piece could proceed without further delay.

At 3:41 p.m. the next day, Friday, November 19, 2010, Mr. Esakoff transmitted an e-mail to Ms. Peck attaching a letter addressed to me. The letter demanded a response to the Trusts' renewed demand for dismissal of the Amended Complaint by the end of business that same day (less than 2 hours hence). Having realized his error in transmittal, Mr. Esakoff sent the letter to me by way of e-mail at 5:36 p.m., 36 minutes after the deadline for our response had passed. I reviewed Mr. Esakoff's November 19, 2010 letter on the next business day, November 22, 2010. I prepared a detailed response to Mr. Esakoff November 19, 2010 letter correcting some misunderstandings and mischaracterizations and renewing our offer to further discuss specific

---

[1]  Mr. Esakoff also asked for our courtesy in consenting to an extension of time to answer the Amended Complaint pending the outcome of the appeal of Your Honor's October 21, 2010 Order, which we readily extended.

November 24, 2010
Page 3

allegations in the Amended Complaint and the jurisdictional issue.  Thereafter, I retrieved and reviewed Mr. Esakoff's letter of November 22, 2010 to Your Honor, which was filed at 7:17 p.m. that evening.

Based upon all the foregoing, it should be clear that Mr. Esakoff's suggestion of Rule 11 violation is utterly unfounded.  Moreover, insofar as Mr. Esakoff has suggested a Rule 11 violation, and has thereby raised the specter of a motion for Rule 11 sanctions, he has violated the safe harbor provision of Rule 11 which requires a party to wait 21 days before making such accusation or motion.  *Fed. R. Civ. P.* 11(c)(1)(A); *De La Fuente v. DCI Telecommunications, Inc.*, 259 F. Supp. 2d 250, 258 (SDNY 2003).  Moreover, Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation; it is intended for only exceptional circumstances.  *Gaiardo v. Ethel BPHYL Corp.*, 835 F.2nd 479, 483 (3rd Cir. 1987).

For all of the foregoing reasons, we respectfully request that Your Honor reject the Trust's request that the Amended Complaint be stricken from the docket or that American General be ordered to withdraw it.  We also respectfully request that Your Honor disregard the spurious references to Rule 11 contained in Mr. Esakoff's letter.

We genuinely appreciate Your Honor's continuing time and attention in this regard.

Respectfully submitted,
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*s/ Robert P. Lesko*

RPL/lt
cc:    Michael Paneth, Esq.
       Jeremy Esakoff, Esq.

1082561.1