

**PASRICHA & PATEL, LLC**
ATTORNEYS AT LAW

1794 OAK TREE ROAD    EDISON, NEW JERSEY 08820    (732) 593-6200    FAX (732) 593-6201
E-MAIL: LAW@PASRICHA.COM    WWW.PASRICHA.COM

GARY S. PASRICHA*
SHEETAL A. PATEL
CLEMENT C. CHANG*

OF COUNSEL
SANDDEEP CHATHRATH△
JEREMY ESAKOFF*

*NJ AND NY
△NY AND MA

November 24, 2010

**By ECF**
Honorable Claire C. Cecchi, U.S.M.J.
Courtroom 2B
Martin Luther King Jr. Building and Federal Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **American General Life Insurance Company v. Lizzi Berger, et al.**
**2:10-cv-03377-WHW-CCC**

Dear Judge Cecchi:

We represent the Lizzi Berger 2008 Family Life Insurance Trust (the "Trust") in the above-referenced matter. We are writing in response to the letter that Plaintiff's counsel, Robert Lesko, transmitted to you (without any sort of advance notice to us) at 3:05 p.m. on Thanksgiving eve. Unlike Mr. Lesko, we will not burden the Court with a lengthy (and false and misleading) play-by-play of what has unfortunately transpired between the parties since Plaintiff improperly filed its amended complaint on November 8, 2010. However, we do think it necessary to point out just a few important falsehoods contained in his letter.[1]

First, contrary to Mr. Lesko's claim, we did not accuse Plaintiff of being in "violation" of Your Honor's stay-order. Rather, we clearly stated in our November 22, 2010 letter to the Court that Plaintiff's filing of an amended complaint was "contrary" to that order – and it obviously was. (*See* Docket entry no. 30.)

Second, and more importantly, Mr. Lesko's false-outrage regarding our advising the Court that the amended pleading should be withdrawn or stricken because we genuinely believe that his client and/or firm has egregiously violated *Fed. R. Civ. P. Rule 11*, and his accusing me of "arguably" doing the same, might be laughable were it not such a serious matter. Contrary to Mr. Lesko's claim, our letter to Your Honor is not even *arguably* a violation of Rule 11's Safe Harbor Provision. The two cases Mr. Lesko has cited do not say, or even remotely suggest, otherwise. Indeed, Rule 11(c)(1)(A)'s Safer Harbor Provision applies to the filing of *sanctions*

---

[1] While not as important as the other falsehoods noted in the body of this letter, Mr. Lesko's statement that his firm granted us the courtesy of an extension of time to respond to the amended complaint is also false. I had asked his associate, Karen Peck, if his firm planned to serve a copy of this new pleading on Mr. Miller as he was never served with a copy of any complaint (as noted in our dismissal motion). She indicated that they would do so and confirmed that my firm represents him. Thus there was no need to even seek an extension as there could be no dispute that the time to respond has not yet even begun to run. However, I also inquired whether they intended to later argue that we needed to respond at any time prior to the now-stayed February 3 deadline Your Honor had previously set and she said that they did not intend to do that.

**PASRICHA & PATEL, LLC**

Honorable Claire C. Cecchi, U.S.M.J.
November 24, 2010
Page 2

*motions*. We have filed no such thing. In fact, while we do reserve our rights to file such a motion, our preference (as we had previously advised Mr. Lesko) is to avoid burdening the Court, and embarrassing him and his firm, with such a motion – which is why we made numerous attempts to implore him to withdraw the amended complaint, and provided him plenty of time to do so before writing to the Court (fourteen days after Your Honor issued the stay-order and fourteen days after Plaintiff filed its pleading on that same day).

Lastly, it is most critical to note that while Mr. Lesko denies that the amended complaint violates Rule 11, he has yet to offer a *single* basis for the new allegations that state Mr. Miller committed fraud and was part of some conspiracy and sham transaction. In fact, there is no basis – or at least no good-faith basis. Accordingly, he now instead (finally) responds by contending, incredibly, that that new pleading does not violate Rule 11 because it merely accuses Mr. Miller of wrongful conduct not "in his personal capacity, but only in his capacity as Trustee." Surely, Mr. Lesko cannot seriously believe that when that pleading alleges, for example, in its "Fraud" count that certain supposed "misrepresentations and failure to disclose ... were made and done knowingly by ... Miller ... with intent to deceive ..." (Amended Complaint, ¶94)[2] that it does *not actually* accuse Mr. Miller of fraud merely because his name in the pleading's caption is followed by the words "as Trustee." Not surprisingly, Mr. Lesko's contention is not supported by any case law – or even common sense. It is simply absurd and sadly revealing.

We, again, therefore respectfully request that Your Honor order Plaintiff to withdraw the amended complaint, or alternatively, that the Court simply strike it from the docket.

We appreciate Your Honor's time and attention to this matter and wish you a happy Thanksgiving holiday.

                                                Respectfully submitted,

                                                *s/Jeremy Esakoff*
                                                Jeremy Esakoff

cc:    Robert P. Lesko, Esq. (by ECF only)
        Karen D. Peck, Esq. (by ECF only)
        Michael Paneth, Esq. (by ECF only)
        Robert R. Viducich, Esq. (by e-mail only)

---

[2] For other examples, see Amended Complaint, ¶¶95, 98, 102 and the "Civil Conspiracy" count (at Amended Complaint, ¶112) which states that "*[e]ach* of the defendants" engaged in a conspiracy (emphasis added).