

**PASRICHA & PATEL, LLC**
ATTORNEYS AT LAW

1794 OAK TREE ROAD    EDISON, NEW JERSEY 08820    (732) 593-6200    FAX (732) 593-6201
E-MAIL: LAW@PASRICHA.COM    WWW.PASRICHA.COM

GARY S. PASRICHA*
SHEETAL A. PATEL
CLEMENT C. CHANG*
MANISH JAGGI

OF COUNSEL
SANDDEEP CHATHRATH△
JEREMY ESAKOFF*

*NJ AND NY
△NY AND MA

December 22, 2010

**By ECF and Fed Ex**
Honorable William H. Walls
Courtroom 4D
Martin Luther King Jr. Building and Federal Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **American General Life Insurance Company v. Lizzi Berger,** *et al.*
**2:10-cv-03377-WHW-CCC**

Dear Judge Walls:

We represent the Lizzi Berger 2008 Family Life Insurance Trust (the "Trust") in the above-captioned matter. We write in response to a written order that was unexpectedly filed by the Honorable Claire C. Cecchi yesterday in connection with an issue that she ruled on in October and which has been before Your Honor on appeal since October 26, 2010.

As the Court is aware, the Trust filed its appeal from the October 12 and 21, 2010 orders of Judge Cecchi which granted Plaintiff leave to take jurisdictional discovery from the defendant Trust's successor trustee, Stan Miller. That appeal has been fully briefed by both parties since November 29. Because Judge Cecchi gave no indication during the telephonic hearing on October 21 that she intended to issue a written order, we were very surprised that she supplemented her prior oral ruling with the written decision that was posted on ECF yesterday (herein, the "Written Order").

We respectfully note that the Written Order appears to simply adopt as "colorable" the jurisdictional arguments subsequently made by Plaintiff in its appeal-opposition brief while ignoring the Trust's reply to those arguments. The findings appearing in the Written Order therefore suffer from the same deficiencies identified in our reply papers. In sum, the Written Order:

- fails to identify at all, let alone with "reasonable particularity," a single *contact* that Mr. Miller, himself (as opposed to the Trust's initial trustee), purportedly has with New Jersey and, instead, errantly states that Plaintiff has asserted certain jurisdictional "*arguments* with reasonable particularity" (at p. 3, emphasis added);

**PASRICHA & PATEL, LLC**

Honorable William H. Walls, USDJ
December 22, 2010
Page 2

- because of the absence of any such contacts, adopts as "colorable" those jurisdictional arguments that Plaintiff has desperately proffered in its opposition to the appeal, while ignoring the fact that those arguments are not only facially implausible, but unsupported by any remotely relevant or persuasive case law;

- fails to identify any *genuine* dispute regarding relevant jurisdictional facts; or to explain at all why Plaintiff should be allowed to question Mr. Miller's written testimony (in the form of a declaration he had previously submitted); or to provide any legal support for allowing a party to question (via discovery) the veracity of a declaration without proffering any reason for doubting it;

- is irreconcilable with, *inter alia*, this Court's decision in *Victory Int'l v. Perry Ellis Int'l Inc.*, 2008 WL 65177 (D.N.J. Jan.2, 2008) (Civ. No. 07-0375 (WHW), Walls, J.), in which this Court properly denied a plaintiff jurisdictional discovery over an *individual* (Mr. Nussdorf) who, like Mr. Miller, had no contacts with this state, as demonstrated in an affidavit submitted by that defendant.

In light of the fact that the Written Order was issued well after we were required to (and did) perfect our appeal, we respectfully request that, as a matter of fundamental fairness and justice, the Court permit us to respond to any factual findings and/or legal conclusions contained therein that were not addressed in our principal and reply briefs (such as, but not limited to, citations to cases decided after our appeal was perfected) in the event Your Honor is concerned by any of them.

                                        Respectfully submitted,

                                        *s/Jeremy Esakoff*
                                        Jeremy Esakoff

cc:    Robert P. Lesko, Esq. (by ECF only)
        Karen D. Peck, Esq. (by ECF only)
        Michael Paneth, Esq. (by ECF only)
        Robert R. Viducich, Esq. (by e-mail only)