NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | **OPINION and ORDER** |
| v. | Civ. No. 10-3377 (WHW) |
| LIZZI BERGER, THE LIZZI BERGER 2008 FAMILY LIFE INSURANCE TRUST, MARK BERGER, as Trustee of the Lizzi Berger 2008 Family Life Insurance Trust, ABRAHAM STERN, and JOHN DOES 1-10, | |
| Defendants. | |

**Walls, Senior District Judge**

Defendant Lizzi Berger 2008 Family Life Insurance Trust (the "Trust") appeals the Magistrate Judge's Order which grants jurisdictional discovery concerning Stan Miller. The Trust contends that the plaintiff's personal jurisdiction claims are without basis. Because the Magistrate Judge's ruling was not clearly erroneous or contrary to law, the ruling is affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

American General Life Insurance Company ("American General") issued a life insurance policy covering the life of Lizzi Berger in the amount of $10,000,000 (the "Policy"). (Compl. ¶ 1.) The beneficiary under the policy was The Lizzi Berger Family Life Insurance Trust. Mark Berger served as the initial trustee and was succeeded by Stan Miller in June 2008. American

1

**NOT FOR PUBLICATION**

General claims that the application for the policy contained material misrepresentations and requests a declaration that the policy is void *ad initio*. (Compl. ¶ 1.)

Lizzi Berger and Abraham Stern, her agent, "purportedly executed" the first policy application in Brooklyn, New York. (Compl. ¶ 20.) Two other policy applications were also executed. Each of these applications and a policy acceptance amendment of application form were "purportedly executed" in Bayonne, New Jersey. (Compl. ¶¶ 32, 43, 53.) The policy does not contain a forum selection clause but states, "THIS IS A NEW JERSEY POLICY." (Compl. ¶ 52.) None of the parties are New Jersey residents. American General is a Texas corporation. (Compl. ¶ 7.) Lizzi Berger is a citizen of Colorado and the Trust is an unincorporated entity formed under the laws of Florida. (Compl. ¶¶ 8-9.) The former trustee is a citizen of Florida and Miller is an Arkansas citizen. Lizzi's agent, Abraham Stern, is a New York citizen.

The Trust claims that this Court may not constitutionally exercise personal jurisdiction over Miller because he does not have even minimum contacts with New Jersey. American General requested limited jurisdictional discovery concerning Miller's contacts with New Jersey. American General claims three theories support granting jurisdictional discovery concerning Miller's contacts with New Jersey: (1) Miller impliedly consented to personal jurisdiction in New Jersey by becoming the trustee of the Trust, (2) the former trustee's contacts with New Jersey extend to Miller, and (3) the Trust's property, the Policy, is held in New Jersey. On December 21, 2010, the Magistrate Judge granted American General's request for limited jurisdictional discovery for a period of one month. The Magistrate Judge found that American General's claims that Miller is subject to personal jurisdiction in New Jersey were not clearly frivolous.

**NOT FOR PUBLICATION**

## STANDARD OF REVIEW

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), Fed. R. Civ. P. 72(b)(3); and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. R. 72.1(c)(1)(a); Cipollone v. Liggett Grp, Inc., 785 F.2d 1108 (3d Cir. 1986). Because the issues raised by the defendant are nondispositive matters, this Court can set aside the Magistrate Judge's order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Eng'g Ltd., 891 F.Supp. 1035, 1037 (D.N.J. 1995) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)). The Third Circuit has interpreted this to mean that the appellate court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." Haines v. Liggett Grp. Inc., 975 F.2d 81, 92 (3d Cir. 1992) (quoting Krasnov v. Dinan, 465 F.2d 1298, 1302 (3d Cir.1972)). Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "'even if the court might have decided the matter differently.'" Cardona v. Gen. Motors Corp., 942 F.Supp. 968, 971 (D.N.J. 1996) (quoting Toth v. Alice Pearly, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985))).

**NOT FOR PUBLICATION**

## DISCUSSION

**Jurisdictional Discovery**

The Third Circuit permits courts to grant jurisdictional discovery unless the plaintiff's claim as to personal jurisdiction is "clearly frivolous." Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). Permitting jurisdictional discovery "is appropriate when the existing record is 'inadequate' to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." Qtech Serv., LLC v. Verition Fund Mgmt., LLC, No. 10-495, 2010 WL 4961636, at * 2 (D.N.J. Nov. 30, 2010) (citations omitted). To obtain jurisdictional discovery, American General "must establish 'with reasonable particularity sufficient contacts between the defendant and the forum state.'" Veliz v. Americorp Builders, Inc., No. 06-4363, 2007 WL 1746248, at *4 (D.N.J. June 15, 2007) (citing Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)).

"Jurisdictional discovery generally relates to corporate defendants and the question of whether they are 'doing business' in the state." In re Le-Nature's Inc., No. 08-1518, 2009 WL 3571331, at *18 (W.D. Pa. Sept. 16, 2009) (citing Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997)). As such, "[w]here the defendant is an individual, the presumption in favor of discovery is reduced." Mass Sch. of Law, 107 F.3d at 1042.

As to the first contention, Miller argues that he could not reasonably have expected to be haled into court in New Jersey when he, an Arkansas resident, agreed to act as the trustee to a Florida trust concerning a policy covering the life of a Coloradan, issued by a Texas corporation. Miller argues that he did not purposefully avail himself of New Jersey and could not reasonable

**NOT FOR PUBLICATION**

anticipate being haled into court here. American General argues that Miller should have reasonably foreseen potential litigation in New Jersey when he agreed to act as the trustee to a Trust that owns a New Jersey life insurance policy and consented to any such litigation by assuming his post.

In a somewhat similar vein, American General claims that Miller is subject to personal jurisdiction in New Jersey because the property at issue in this case, the policy, is located in New Jersey. The Trust claims that the policy is not "located" in New Jersey. Last, American General claims that Miller may be subject to jurisdiction in New Jersey because the prior trustee's contacts with the state may be imputed to Miller. The Trust disputes this contention.

**The Magistrate Judge's Decision**

The Magistrate Judge utilized the proper standard, considered the standard fully and interpreted the law concerning jurisdictional discovery correctly. The Magistrate Judge conducted the appropriate analysis for considering jurisdictional discovery and found that the theories American General presented were asserted with reasonable particularity and were not "a mere unsupported allegation that defendant transacts business in [the] area." (Dec. 21, 2010 Opin., at 3) (quotation omitted). The Magistrate further found that jurisdictional discovery was appropriate so that American General could challenge the jurisdictional assertions put forward in Miller's declaration. Id.

American General has put forth three theories under which Miller could be subject to personal jurisdiction in New Jersey and explained why these theories could support personal jurisdiction. Because there is "some indication that this particular defendant is amenable to suit in this forum," the Magistrate Judge's finding that these alleged bases for personal jurisdiction were not clearly frivolous is entitled to deference. Honeywell Int'l Inc. v. Apple Computer, Inc.,

**NOT FOR PUBLICATION**

No. 04-1338, 2008 U.S. Dist. LEXIS 32857, at * 8-9 (D.Del Apr. 18, 2008 (citing <u>Toys "R" US., Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 456 (3d Cir. 2003)). Because American General has presented "factual allegations that suggest 'with reasonable particularity' the <u>possible</u> existence of the requisite 'contacts between [Miller] and the forum state,'" <u>Metcalfe v. Renaissance Marine, Inc.</u>, 566 F.3d 324, 340-41 (3d Cir. 2009) (emphasis added), the Magistrate Judge's decision was not "clearly erroneous or contrary to law."

## CONCLUSION

For the foregoing reasons, it is, on this 28th day of January, 2011,

ORDERED that the Magistrate Judge's Order granting jurisdictional discovery is AFFIRMED.

**s/ William H. Walls**
United States Senior District Judge
