UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

AMERICAN GENERAL LIFE INSURANCE COMPANY,

    Plaintiff,

--against--

LIZZI BERGER, THE LIZZI BERGER 2008 FAMILY LIFE INSURANCE TRUST,
MARK BERGER, as Trustee of the Lizzi Berger 2008 Family Life Insurance Trust,
STANLEY MILLER, as Trustee of the Lizzi Berger 2008 Family Life Insurance Trust,
ABRAHAM STERN, and John Does 1-10,

    Defendants.

---

Docket No.:
2:10-CV-03377 (WHW)(CCC)

JURY TRIAL DEMANDED

## ANSWER TO AMENDED COMPLAINT

Defendants Lizzi Berger and Mark Berger as Trustee of the Lizzi Berger 2008 Family Life Insurance Trust ("Defendants"), by their undersigned attorneys, for their Answer and affirmative defenses to the First Amended Complaint (the "Complaint"), hereby admit, deny and allege as follows:

### Introduction

1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that, in its Complaint, American General seeks the relief identified therein.

2. Deny the allegations contained in paragraph 2 of the Complaint.

3. Deny the allegations contained in paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that, in its Complaint, American General seeks the relief identified therein.

## Jurisdiction, Parties, and Venue

6. Paragraph 6 of the Complaint contains legal assertions to which no responsive pleading is required.

7. Paragraph 7 of the Complaint contains legal assertions to which no responsive pleading is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny, except admit that Lizzi Berger maintains a residence at 1375 Vrain St., Denver, CO.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

## Stranger-Originated Life Insurance

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

## Application and Misrepresentations

21. Deny the allegations contained in paragraph 21 of the Complaint and refer to the referenced document, which speaks for itself.

22. Deny the allegations contained in paragraph 22 of the Complaint and refer to the referenced document, which speaks for itself.

23. Deny the allegations contained in paragraph 23 of the Complaint and refer to the referenced document, which speaks for itself.

24. Deny the allegations contained in paragraph 24 of the Complaint and refer to the referenced document, which speaks for itself.

25. Deny the allegations contained in paragraph 25 of the Complaint and refer to the referenced document, which speaks for itself.

26. Deny the allegations contained in paragraph 26 of the Complaint and refer to the referenced document, which speaks for itself.

27. Deny the allegations contained in paragraph 27 of the Complaint and refer to the referenced document, which speaks for itself.

28. Deny the allegations contained in paragraph 28 of the Complaint and refer to the referenced document, which speaks for itself.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint and refer to the referenced document, which speaks for itself.

35. Deny the allegations contained in paragraph 35 of the Complaint and refer to the referenced document, which speaks for itself.

36. Deny the allegations contained in paragraph 36 of the Complaint and refer to the referenced document, which speaks for itself.

37. Deny the allegations contained in paragraph 37 of the Complaint and refer to the referenced document, which speaks for itself.

38. Deny the allegations contained in paragraph 38 of the Complaint and refer to the referenced document, which speaks for itself.

39. Deny the allegations contained in paragraph 39 of the Complaint and refer to the referenced document, which speaks for itself.

40. Deny the allegations contained in paragraph 40 of the Complaint and refer to the referenced document, which speaks for itself.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint and refer to the referenced document, which speaks for itself.

44. Deny the allegations contained in paragraph 44 of the Complaint and refer to the referenced document, which speaks for itself.

45. Deny the allegations contained in paragraph 45 of the Complaint and refer to the referenced document, which speaks for itself.

46. Deny the allegations contained in paragraph 46 of the Complaint and refer to the referenced document which speaks for itself.

47. Deny the allegations contained in paragraph 47 of the Complaint and refer to the referenced document, which speaks for itself.

48. Deny the allegations contained in paragraph 48 of the Complaint and refer to the referenced document, which speaks for itself.

49. Deny the allegations contained in paragraph 49 of the Complaint and refer to the referenced document, which speaks for itself.

50. Deny the allegations contained in paragraph 50 of the Complaint and refer to the referenced document, which speaks for itself.

51. Deny the allegations contained in paragraph 51 of the Complaint and refer to the referenced document, which speaks for itself.

52. Deny the allegations contained in paragraph 52 of the Complaint and refer to the referenced document, which speaks for itself.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint and refer to the referenced document, which speaks for itself.

55. Deny the allegations contained in paragraph 55 of the Complaint and refer to the referenced document, which speaks for itself.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

### Defendants Misrepresented Lizzi's Income and Net Worth

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint.

65. Deny the allegations contained in paragraph 65 of the Complaint and refer to the referenced document, which speaks for itself.

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

### Defendants Misrepresented the Reason for the Insurance

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

75. Deny the allegations contained in paragraph 75 of the Complaint.

### Count I
### (Material Misrepresentation)

76. Defendants incorporate by reference each and every answer contained in the preceding paragraphs as if set forth at length herein.

77. Deny the allegations contained in paragraph 77 of the Complaint and refer to the referenced document, which speaks for itself.

78. Deny the allegations contained in paragraph 78 of the Complaint and refer to the referenced document, which speaks for itself.

79. Deny the allegations contained in paragraph 79 of the Complaint and refer to the referenced document, which speaks for itself.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint and refer to the referenced document, which speaks for itself.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Deny the allegations contained in paragraph 86 of the Complaint.

87. Deny the allegations contained in paragraph 87 of the Complaint.

88. Deny the allegations contained in paragraph 88 of the Complaint.

89. Deny the allegations contained in paragraph 89 of the Complaint.

90. Deny the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint.

92. Deny the allegations contained in paragraph 92 of the Complaint.

## Count II
### (Fraud)

93. Defendants incorporate by reference each and every answer contained in the preceding paragraphs of the Complaint as if set forth at length herein.

94. Deny the allegations contained in paragraph 94 of the Complaint.

95. Deny the allegations contained in paragraph 95 of the Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97. Deny the allegations contained in paragraph 97 of the Complaint.

98. Deny the allegations contained in paragraph 98 of the Complaint.

99. Deny the allegations contained in paragraph 99 of the Complaint.

100. Deny the allegations contained in paragraph 100 of the Complaint.

## Count III
### (Lack of Insurable Interest)

101. Defendants incorporate by reference each and every answer contained in the preceding paragraphs as if set forth at length herein.

102. Deny the allegations contained in paragraph 102 of the Complaint.

103. Deny the allegations contained in paragraph 103 of the Complaint.

104. Deny the allegations contained in paragraph 104 of the Complaint.

105. Deny the allegations contained in paragraph 105 of the Complaint.

## Count IV
### (Declaratory Relief)

106. Defendants incorporate by reference each and every answer contained in the preceding paragraphs as if set forth at length herein.

107. Paragraph 107 of the Complaint contains legal assertions to which no responsive pleading is required.

108. Deny the allegations contained in paragraph 108 of the Complaint.

109. Deny the allegations contained in paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint contains legal assertions to which no responsive pleading is required.

## Count V
### (Civil Conspiracy)

111. Defendants incorporate by reference each and every answer contained in the preceding paragraphs as if set forth at length herein.

112. Deny the allegations contained in paragraph 112 of the Complaint.

113. Deny the allegations contained in paragraph 113 of the Complaint.

114. Deny the allegations contained in paragraph 114 of the Complaint.

115. Deny the allegations contained in paragraph 115 of the Complaint.

## Count VI
### (Breach of Contract Against Stern)

116. Defendants incorporate by reference each and every answer contained in the preceding paragraphs as if set forth at length herein.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint.

### Count VII
### (Fiduciary Duty as to Stern)

121. Defendants incorporate by reference each and every answer contained in the preceding paragraphs as if set forth at length herein.

122. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Complaint.

123. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Complaint.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Complaint.

### Count VIII
### (Negligence – as to Stern)

126. Defendants incorporate by reference each and every answer contained in the preceding paragraphs as if set forth at length herein.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint.

128. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint.

129. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

**WHEREFORE** Defendants demand judgment dismissing the Complaint against them and awarding them costs, attorneys' fees and such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies on any alleged representations or misrepresentations in any materials not attached to the Policy as issued, such statements may not be relied on to support any of the allegations in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies on any alleged representations and misrepresentations made to its agents or employees by any parties, these representations and/or misrepresentations were and are not material to the risk insured under the Policy, the underwriting and issuance of the Policy, or the premiums as charged and calculated.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff was aware of all of the facts surrounding the Policy and the insured and therefore has waived any alleged basis to prosecute the claims set forth herein.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff could have made itself aware of all of the facts surrounding the Policy and the insured and therefore has waived any alleged basis to prosecute the claims set forth herein.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was aware of all of the facts surrounding the Policy and the insured and therefore is estopped from prosecuting the claims set forth herein.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff could have made itself aware of all of the facts surrounding the Policy and the insured and therefore is estopped from prosecuting the claims set forth herein.

NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to refund the premium and therefore is barred from prosecuting the claims set forth herein.

TENTH AFFIRMATIVE DEFENSE

Plaintiff continued to solicit and accept premium payments after learning of the facts giving rise to Plaintiff's claims and otherwise continued to treat the Policy as if it was in full force and effect and, accordingly, is precluded from prosecuting the claims set forth herein.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of "unclean hands."

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of laches.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of estoppel, waiver and ratification.

Case 2:10-cv-03377-WHW -CCC   Document 40   Filed 02/22/11   Page 13 of 14 PageID: 536

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the applicable statutes of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Court does not have personal jurisdiction over the Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this jurisdiction is not a proper venue for this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by their acquiescence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injury or damages sustained by Plaintiff has been caused solely by Plaintiff's own actions or actions of other parties over whom Defendant had no control.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed, in whole or in part, to mitigate and/or avoid its alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any injury, which is specifically denied, such injury was caused or contributed to by the acts of Plaintiff and/or third parties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred because plaintiff failed to perform conditions precedent required by any alleged contract.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief from Defendants because it has not suffered or incurred any damages as a result of any conduct by Defendants.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Any and all liability of Defendants is cut off by the intervening and/or supervening conduct of others.

**JURY DEMAND**

Defendants hereby demand a trial by jury on all issues.

**WHEREFORE** Defendants demand judgment dismissing the Complaint against them and awarding them costs, attorneys' fees and such other relief as the Court may deem just and proper.

Dated:  February 22, 2011
 Brooklyn, New York

TREFF & LOWY PLLC

By:  /s/ Michael Paneth
Michael Paneth
*Attorneys for Defendant Lizzi Berger*
*and Mark Berger as Trustee*
342 Bedford Avenue
Brooklyn, New York 11211
(718) 599-3500